[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13006
Non-Argument Calendar

_____

D.C. Docket No. 4:18-cv-00154-HLM

CHERI RAU,

Plaintiff-Appellant,

versus

JOHNNY MOATS,
Sheriff,

Defendant-Appellee,

POLK COUNTY SHERIFF'S OFFICE, et al,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 15, 2019)

Before WILSON, ROSENBAUM, and HULL, Circuit Judges.

PER CURIAM:

Cheri Rau appeals *pro se* from the denial of her motions for preliminary-injunctive relief seeking to enjoin the Sheriff of Polk County, Georgia, Johnny Moats, from enforcing certain policies at the Polk County Jail that severely restrict the type of mail inmates can send or receive. After careful review, we dismiss in part and affirm in part.

## I.

Rau filed a lawsuit under 42 U.S.C. § 1983 to challenge correspondence policies in force at the Polk County Jail. According to Rau, the jail's policies prevent inmates from sending or receiving any mail, other than legal correspondence or paperback books sent directly by an authorized vendor, in a form other than a postcard. Rau contends that this "postcard-only" policy violates her First Amendment rights as a "free-world" person who wants to correspond with and minister to detainees.

When this lawsuit began, Rau's son was a pretrial detainee at the jail, and Rau, a practicing Christian, wished to communicate with and minister to him in ways that the jail either limited or prevented altogether. According to Rau, she sent her son two books that initially were impounded as being too large, though the jail eventually delivered the books after she complained. She also ordered her son a subscription to the magazine *Prison Legal News*, which he is prevented from receiving. Additionally, Rau indicated that the postcard-only policy infringed her

2

communications with "other detainee[s]," though she offered no specifics in that regard.

After filing her complaint, Rau filed three motions for preliminary injunctions seeking to enjoin Sheriff Moats from enforcing the postcard-only policy. The district court denied these motions, concluding that Rau fell short of the standard for issuance of a preliminary injunction.[1] The court found that she had not shown "any concrete threat of irreparable or imminent harm" or a likelihood of success on the merits. Rau now appeals the denial of these motions. Although Rau's lawsuit remains pending before the district court, we have jurisdiction to immediately review the denial of injunctive relief under 28 U.S.C. § 1292(a)(1).

## II.

Soon after Rau filed her appeal, Sheriff Moats filed a notice with the district court stating that Rau's son had been transferred from the jail on June 28, 2018, and that it was "not expected that [her son] will return to the [jail] for any reason." In light of her son's release from the jail's custody, we asked the parties to address the question of whether Rau's case was now moot.

---

[1] The district court denied Rau's latter two motions as moot because they appeared to request relief duplicative of the initial motion. Rau maintains this was error because each of the motions sought different relief. Even if that's right, however, we read the court's order as addressing all of her requests for injunctive relief, so any error was harmless.

3

Sheriff Moats responded that it was moot, arguing that this Court could not grant effective relief since her son, the only detainee identified in the complaint, was no longer subject to the jail's policies. In reply, Rau argued that her case was not moot because her claims concerned other inmates in addition to her son and, in her view, there was a possibility her son might return to the jail. The mootness issue was carried with the case and is now before this panel for resolution.

Article III of the Constitution requires that we adjudicate only "cases" and "controversies." *Flanigan's Enters., Inc. of Ga. v. City of Sandy Springs, Ga.*, 868 F.3d 1248, 1255 (11th Cir. 2017) (*en banc*). This rule, which continues through all phases of the case, requires that "a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id*. at 1264 (emphasis and quotation marks omitted). "Therefore, a previously justiciable case is moot when the requested relief, if granted, would no longer have any practical effect on the rights or obligations of the litigants." *Id*. (footnotes omitted); *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) ("If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed.").

As noted above, the complaint alleged infringement of Rau's First Amendment rights to communicate with both her son and other detainees. We

4

conclude that her case is moot with respect to her son but that it may not be moot with respect to other detainees.

## A.

Rau's claims are moot to the extent they are based solely on her attempts or intent to correspond with her son, who is no longer in the jail's custody. The general rule is that a detainee's transfer or release from a jail moots that detainee's claims for injunctive relief. *McKinnon v. Talladega Cty., Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984). The same holds true here even though Rau was not the person detained. Just as her son is no longer subject to the jail's policies, Rau is no longer constrained by those same policies when communicating with him. Because Rau's son is no longer affected by the jail policies, neither we nor the district court could grant relief that would have any practical effect on Rau's ability to communicate with her son. Accordingly, her claims, as they relate specifically to her son, are moot.

Rau invokes an exception to mootness for cases where "there is a reasonable basis the challenged conduct will recur." *Doe v. Wooten*, 747 F.3d 1317, 1322–23 (11th Cir. 2014). "When a defendant voluntarily ceases the activity that forms the basis of the lawsuit, a federal court does not necessarily lose jurisdiction." *Cook v. Bennett*, 792 F.3d 1294, 1299 (11th Cir. 2015). Rather, the party asserting mootness must demonstrate "unambiguous termination" of the challenged conduct. *Wooten*, 747 F.3d at 1322. In other words, we will not dismiss a case as moot unless it is

"absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Cook*, 792 F.3d at 1300 (quotation marks omitted).

In *Wooten*, for example, we held that a prisoner's transfer to another institution did not moot his claims for injunctive relief—injunctions preventing his placement in or transfer to a particular high-security Bureau of Prisons ("BOP") facility and requiring placement in a lower-security facility—because the defendant had failed to show that the plaintiff would not be returned to a high-security BOP facility. *See* 747 F.3d 1323–25. We noted that the prisoner's transfer was not necessarily permanent and, in fact, that Wooten had been "transferred repeatedly over a period of years," which supported a finding of likely recurrence. *Id.* at 1324–25. Further bolstering that conclusion was the fact that the defendant, after years of inaction, changed its position on transferring the plaintiff just days before the trial was set to begin and without substantial deliberation. *Id.* at 1325–26.

Here, the record reveals no "reasonable basis" to conclude that Rau's son will return to the jail. *See id.* at 1323. It appears that Rau's son was held temporarily at the jail before being transferred to the Georgia Diagnostic and Classification Prison, and then from there to federal custody. Even if Rau's son returned to state custody, it strikes us as very unlikely he would find his way back to the jail. And a "remote possibility that an event might recur is not enough to overcome mootness." *Al Najjar*, 273 F.3d at 1336. Accordingly, we conclude that Rau's case as it relates to

6

her son is now moot and must be dismissed. *See id.* ("[D]ismissal is required because mootness is jurisdictional.").

## B.

Nevertheless, we agree with Rau that her case is not moot to the extent it is based on infringement of her right to communicate with other detainees at the jail. Discounting this theory, Sheriff Moats argues that Rau would not have brought this case but for her son's detention at the jail.  That may or may not be true, but the argument confuses Rau's motivation with mootness.  The question before us is not whether Rau would have filed this lawsuit had her son not been detained at the jail, but rather whether meaningful relief can still be granted.  We conclude that there is at least a possibility that it can.

The complaint repeatedly asserts that the jail's postcard-only policy affects her ability to communicate with and minister to "other detainee[s]."  While the complaint does not identify any other detainee or elaborate on Rau's communications with them, we must liberally construe Rau's allegations, *see Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017) (*pro se* pleadings are liberally construed), and she has provided additional details regarding her communications with other inmates in her response to this Court's question regarding mootness.  At the very least, then, Rau's response suggests that she may be able to establish that the jail's postcard-only policy works ongoing harm to her

7

communications with these other detainees.[2]  Thus, notwithstanding other potential obstacles Rau may face, we will not dismiss her case as moot at this time because there is a possibility that effective relief could still be granted.

## III.

Turning to the substance of the district court's decision, a court may grant a preliminary injunction only if the movant makes four showings: (1) the movant has a substantial likelihood of success on the merits of the underlying case; (2) the movant will suffer irreparable harm without an injunction; (3) the harm suffered by the movant if no injunction issued would exceed the harm suffered by the opposing party if it did; and (4) the injunction would not disserve the public interest.  *Keeton v. Anderson-Wiley*, 664 F.3d 865, 868 (11th Cir. 2011).  "In this Circuit, [a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to each of the four prerequisites."  *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (*en banc*)

---

[2] For that reason, it is unnecessary to reach the issue of third-party standing and whether Rau may bring claims on behalf of these other detainees.  In light of her apparent past communications with other detainees at the jail, Rau may be able to establish personal standing to challenge the postcard-only policy.  *See Procunier v. Martinez*, 416 U.S. 396, 408 (1974) ("In the case of direct personal correspondence between inmates and those who have a particularized interest in communicating with them, mail censorship implicates more than the right of prisoners.") (footnote omitted); *Thornburgh v. Abbott*, 490 U.S. 401, 410 n.9 (1989); *Perry v. Sec'y, Fla. Dep't of Corr.*, 664 F.3d 1359, 1363 (11th Cir. 2011).  We do not decide here that she has established standing, however, and leave that issue for the district court.

(quotation marks omitted).  We review a district court's denial of a preliminary injunction for abuse of discretion.  *Keeton*, 664 F.3d at 868.

Based on the limited record before the district court, it was not an abuse of discretion for the court to refuse to preliminarily enjoin the jail's correspondence policies.  In particular, the court reasonably concluded that Rau had not clearly established that she would suffer irreparable harm without an injunction.  *See Siegel*, 234 F.3d at 1176.  As Sheriff Moats notes, neither the complaint nor the motions for preliminary injunctions identify any other detainee with whom Rau has corresponded at the jail other than her son.  Nor does her briefing to this Court.  While Rau indicated an intent to correspond with other detainees, there was nothing concrete before the district court to show that she had been in contact with or intended to contact other detainees, such that she might be harmed by the jail's continuing enforcement of the postcard-only policy.

So despite the Supreme Court's statement that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury," *KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1272–73 (11th Cir. 2006) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)), the absence of any information regarding Rau's other communications with detainees at the jail adequately grounded the court's conclusion that Rau did not "clearly establish" irreparable injury.  *See Keeton*, 664 F.3d at 868; *Siegel*, 234 F.3d at 1176.

9

Because the district court reasonably concluded that Rau had not met her burden of persuasion with respect to at least one of the four factors courts consider when evaluating whether injunctive relief is warranted, we affirm the court's decision to deny Rau's requests to enjoin the jail's correspondence policies.[3]  We note that the court clearly indicated that it was willing to reconsider the propriety of injunctive relief based on a fuller record.

**DISMISSED IN PART; AFFIRMED IN PART.**

---

[3] For that reason, we need not resolve here what specific standard applies to the regulations.